UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALBERT D. BOLT,

          Plaintiff,

     v.

MERRIMACK PHARMACEUTICALS, INC.

          Defendant.

NO. CIV. S-04-0893 WBS DAD

ORDER RE: COSTS

----oo0oo----

On June 17, 2005, the court entered final judgment in favor of plaintiff in this case. On June 24, 2005, plaintiff submitted a cost bill totaling $4,454.77. On June 27, 2005, defendant filed a notice of appeal. On July 5, 2005, defendant filed a Response to plaintiff's bill of costs which requests that any action on plaintiff's bill of costs be stayed pending the Ninth Circuit's resolution of the pending appeal. (See Def.'s Response to Pl.'s Bill of Costs).

Requests for stays of taxation of costs are rare and infrequently granted. Some district courts do not even reach the

1

issue, denying the request for a stay on the grounds that the petitioner cites no authority for the request, or has not articulated why a stay is appropriate or necessary. <u>Pixion Inc. v. Placeware Inc.</u>, 2005 U.S. Dist. LEXIS 11351, *4-5 (N.D. Cal. 2005)("Pixion requests that the Court stay the taxation of costs pending appeal. Pixion cites no authority for this request, and the Court declines to grant a stay"); <u>Nat'l Diamond Syndicate, Inc. V. Flanders Diamond U.S.A., Inc.</u>, 2004 U.S. Dist. LEXIS 12742, *17 (N.D. Ill. 2004)(holding that "because defendants have not articulated why a stay is appropriate or necessary, the court declines Defendant's request to stay ruling on the bill of costs pending appeal"). <u>But see</u> <u>Gas Sys. V Bauer Compressors, Inc.</u>, 2001 U.S. Dist. LEXIS 12665, *3 (E.D. Mich. 2001)(recognizing that the district court had discretion to issue a stay or to award costs where a case was pending on appeal, but dismissing the motion to stay in the "interest of judicial economy to resolve all of the remaining issues").

One other district court specifically found an absence of authority for granting such stays, concluding that they are not provided for by statute and serve no useful purpose. <u>See Sembos v. Philips Components</u>, 2003 U.S. Dist. LEXIS 20051, *2 (N.D. Ill. 2003). None of the district courts that have addressed this issue have come to a different conclusion. This court thus adopts the consensus approach. Defendant cites no authority for its request and the court is likewise unaware of any federal or local statutes giving it authority to grant the stay. Therefore, the court denies the motion to stay the bill of costs.

1        In the alternative, defendant requests that if the
2   court denies its motion to stay plaintiff's bill of costs the
3   court grant Merrimack an opportunity to substantively respond to
4   the bill of costs.  Local Rule 54-292(c) specifically requires
5   the party against whom costs are claimed to file specific
6   objections to claimed items with a statement of grounds for
7   objection within 10 days from the date of service.  Any
8   substantive objections defendant had to plaintiff's bill of costs
9   should have been included in defendant's response to the bill of
10  costs.  Local Rule 54-292(c) does not authorize Merrimack to
11  unilaterally extend the deadline for filing substantive
12  objections to a bill of costs simply by requesting a stay.
13  Nevertheless, in the interest of fairness, the court will give
14  Merrimack an additional 10 days to file and serve to plaintiff's
15  cost bill

16       IT IS THEREFORE ORDERED that defendant shall file its
17  objections to the items or amounts requested in plaintiff's cost
18  bill within 10 days from the date of this order.  Plaintiff may
19  file its response to defendant's objections within 10 days
20  thereafter.  The court will then take the plaintiff's bill of
21  costs under submission.

22  DATED:  July 25, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE