UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALBERT D. BOLT,

      Plaintiff,

   v.

MERRIMACK PHARMACEUTICALS, INC.

      Defendant.

NO. CIV. S-04-0893 WBS DAD

ORDER RE: COSTS

----oo0oo----

On June 17, 2005, the court entered final judgment in favor of plaintiff.  Plaintiff submitted a bill of costs totaling $4,454.77.  Defendant objects to the amount submitted on two grounds: (1) that this case was close; and (2) that the depositions of James Scibetta and John DiGiovanni were unnecessary, and therefore defendant should not be required to pay for transcription costs of those depositions.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P.

1

1  54(d)(1) ("costs other than attorneys' fees shall be allowed as
2  of course to the prevailing party unless the court otherwise
3  directs . . . ."); L.R. 54-292(f); <u>Crawford Fitting Co. v. J.T.</u>
4  <u>Gibbons</u>, 482 U.S. 437, 441 (1987) (limiting taxable costs to
5  those enumerated in 28 U.S.C. § 1920).  The district court has
6  discretion to determine what constitutes a taxable cost within
7  the meaning of 28 U.S.C. § 1920.  <u>Amarel v. Connell</u>, 102 F.3d
8  1494, 1523 (9th Cir. 1996).  The losing party has the burden of
9  overcoming the presumption in favor of awarding costs to the
10 prevailing party.  <u>Russian River Watershed Protection Comm. v.</u>
11 <u>City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998).

12         Defendant cites <u>Association of Mexican-American</u>
13 <u>Educators v. State of California</u> for the proposition that a court
14 should exercise its discretion and deny the application for costs
15 when a case is close and the losing party acted in good faith.
16 <u>See</u> 231 F.3d 572 (9th Cir. 2000).  That case involved a class
17 action suit brought by minority teachers and nonprofit
18 organizations challenging the use of a certain test in the
19 teacher credentialing process.  <u>Id.</u>  The district court used its
20 discretion to not award the $216,443.67 in costs to the
21 prevailing defendant.  <u>Id.</u> at 591.  The district court gave four
22 reasons for its denial:

>    (1) the case involves issues of substantial public
>    importance, specifically educational quality, interracial
>    disputes in economic opportunity, and access to positions of
>    social influence; (2) there is great economic disparity
>    between Plaintiffs, who are individuals and small nonprofit
>    educational organizations, and the State of California; (3)
>    the issues in the case are close and difficult; and (4)
>    Plaintiffs' case, although unsuccessful, had some merit, as
>    evidenced by the 1995 modification of the [test at issue].

2

1  Id. at 592(quotation marks omitted).  The appellate court held
2  that a district court has discretion to deny costs when a case
3  presents an extraordinary situation.  Id. at 593.  Concluding
4  that "[t]his is an extraordinary, and extraordinarily important
5  case," and emphasizing the inability of the losing party to pay
6  the costs and the importance to the public of the issues
7  presented, the court upheld the decision to not award costs.  Id.
8       Here, although the arguments may have made the case
9  seem close, once the accounting principles involved are properly
10 understood, the decision was not at all a close one.  Moreover,
11 regardless of whether the case is characterized as close, the
12 other factors the district court took into account in Mexican-
13 American Educators are not present.  Defendant Merrimack has not
14 shown that it would be unable to pay costs of $4,454.77.  In
15 addition, this litigation is a private contractual dispute, and
16 does not have the importance to the public that Mexican-American
17 Educators had.  Any subjective determination by the court that
18 this case is close would not be enough to overcome the
19 presumption in favor of awarding costs to the prevailing party.
20       The next issue is whether the depositions of John
21 DiGiovanni and James Scibetta were unnecessary such that the
22 court should exercise its discretion to exclude the transcription
23 costs associated with those depositions.  "Deposition costs are
24 taxable if they are reasonably necessary for trial."  Evanow v.
25 M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998).  The
26 depositions of DiGiovanni and Scibetta were reasonably necessary.
27 DiGiovanni was the clerk of Atlantic Biopharmaceuticals, Inc.,
28 which merged with defendant in 2001, and DiGiovanni has first-

3

1  hand knowledge of many documents produced by Merrimack in this
2  case.  (Pl.'s Reply to Def.'s Opp'n to Bill of Costs at 3 n.1).
3  Scibetta is the Executive Vice President and Chief Financial
4  Officer of defendant.  (Scibetta Decl. of June 27, 2005 ¶ 1).  He
5  also has first-hand knowledge of relevant documents produced by
6  defendant.
7      After reviewing the bill, the court finds all costs to
8  be reasonable.  Accordingly, costs of **$4,454.77** will be allowed.
9      IT IS SO ORDERED.
10 DATED:  August 15, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4