UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALBERT D. BOLT,

        Plaintiff,

   v.

MERRIMACK PHARMACEUTICALS, INC.

        Defendant.

NO. CIV. S-04-0893 WBS DAD

ORDER RE: STAY AND APPROVAL OF SECURITY PENDING APPEAL, PLAINTIFF'S MOTION FOR CERTIFICATION OF THE COURT'S JUDGMENT AND REGISTRATION IN THE DISTRICT OF MASSACHUSETTS

----oo0oo----

On June 17, 2005, the court entered final judgment in favor of plaintiff. On September 20, 2005, the court granted further relief under 28. U.S.C. § 2202, requiring defendant to provide a surety pending appeal. Defendant now proffers and urges the court to adopt as a surety an Irrevocable Standby Letter of Credit ("LOC") in favor of plaintiff. Plaintiff rejects defendant's offer of a LOC from the Cambridge Savings Bank ("CSB") and moves the court to certify its June 17 and

1

September 20 orders so that he might execute on the judgment in the District of Massachusetts.

I.   Factual and Procedural Background

The court and the parties are familiar with the facts of this case, having reiterated them in several recent motions and orders. The pending motion requires only a review of the court's September 20, 2005 order granting plaintiff's motion for further relief and denying defendant's motion for an unsecured stay. In that order, the court clarified that plaintiff is entitled to $524,880 in exchange for his Series A shares of defendant's stock and awarded prejudgment interest in the amount of $203,279.55. (Sep. 20, 2005 Order at 20-21.) Pending appeal of the court's June 17, 2005 order granting plaintiff's motion for summary judgment, the court also required defendant to provide a supersedeas bond in this amount as a surety. (Id. at 9-10.)

The court noted, however, that it had discretion to entertain an alternative form of surety. (Id. at 9 (citing Olympia Equip. Leasing Co. v. W. Union, 786 F.2d 794, 796 (7th Cir. 1986)(noting that both defendants with a clear ability to pay and those who would be bankrupted by a bond requirement are "candidate[s] for alternative security"); SIBIA Neurosciences v. Cadus Pharm. Corp., No. 96-1231, 1999 WL 33554683 at *4 (S.D. Cal. Mar. 10, 1999)).)  Seizing upon this language, defendant urges the court to accept the LOC issued by CSB as a surety in lieu of a supersedeas bond. Plaintiff meanwhile moves to certify the earlier judgments and requests an order for registration in the District of Massachusetts.

///

2

III. Defendant's Motion for Alternate Security

Generally, under Federal Rule of Civil Procedure 62, the court is charged with ensuring the preservation of the status quo while a case is pending in the appellate court. See United States v. El-O-Pathic Pharmacy, 192 F.2d 62, 79 (9th Cir. 1951). Requiring an appellant to post a supersedeas bond is one method to preserve the status quo pending appeal. Bass v. First Pac. Networks, 219 F.3d 1052, 1055 (9th Cir. 2000). Because defendant elects not to post a supersedeas bond, it bears the burden of demonstrating to the court that an alternative guarantee is sufficiently secure. Fed. R. Civ. P. 62(d). In other words, a court should not place the burden for proving the inadequacy of a particular alternative on the plaintiff:

> If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

Poplar Grove & Refining Co. v. Bache Halsey Stuart, 600 F.2d 1189, 1191 (5th Cir. 1979).

Furthermore, defendant must establish that this LOC is sufficiently secure.[1]  Although some courts have accepted LOCs from particular banks as adequate surety for a judgment, there is by no means a general legal principle that all LOCs are equivalent to supersedeas bonds. See Richmark Corp. v. Timber

---

[1] Plaintiff persuasively argues that "LOCs are only as valuable as the banks that issue them . . . ." (Opp'n to Mot. for Stay and Approval of Security Pending Appeal at 2.)

3

Falling Consultants, 959 F.2d 1468, 1472 (9th Cir. 1992) (because an appellant failed to post either a supersedeas bond or a letter of credit, appellee could attempt to collect the judgment before the appeal was decided); Trans World Airlines v. Hughes, 515 F.2d 173 (2d Cir. 1974) (allowing a LOC from Bank of America in lieu of a supersedeas bond).

        Defendant has not provided the court with any objective assessments of CSB's fiscal health.  Instead, defendant contends that a LOC issued by CSB would fully secure the plaintiff because CSB is one of New England's leading community banks, with twenty-two branches in metropolitan Boston, $2 billion in assets, and a history of over 170 years.  (Def.'s Mot. for Stay and Approval of Security Pending Appeal at 6 (citing St. Jean Decl. ¶ 3).)  CSB has also issued several letters of credit in the past.  (Id.)  However, these assertions are supported only by a declaration from Michael St. Jean, the Vice-President and Portfolio Manager for Commercial Lending for CSB.  (St. Jean Decl. ¶ 1.)  Thus, defendant is asking the court to rely solely on the word of the vice president of a relatively obscure bank that the LOC it issues will preserve the status quo and provide adequate security for the plaintiff.

        Furthermore, defendant leaves many questions unanswered and does not provide a sound reason for not posting a supersedeas bond.  Defendant merely claims that because it has only recently had financial success, it cannot obtain a LOC from a larger bank, and is only able to do so from CSB because of its history with the bank. (Def.'s Reply Mot. Stay and Approval of Security Pending Appeal at 6.)  This argument is puzzling when, at the

same time, defendant seeks to convince the court of its financial health.  Defendant's claimed inability to provide any other form of security also fails to bolster defendant's claim that CSB can provide a LOC that is equivalent to a supersedeas bond.  In light of defendant's inconsistent descriptions of its financial situation, plaintiff's efforts to expedite its recovery are understandable.

CSB is not qualified to issue a LOC under the California Code of Regulations, Title 7, Section 15215 and the State of California's Department of Industrial Relations Information Bulletin, because both of these authorities require that an issuing institution have at least an "A" credit rating. (Pl.'s Opp'n Mot. Stay and Approval of Security Pending Appeal at 3.)  CSB has a "B-" credit rating from Weiss Ratings (the only company cited that has issued a rating for CSB).  (Id.)  Although employment insurance regulations are not dispositive of the issue before the court, they do provide one method of evaluating the sufficiency of defendant's proposed surety.

Again, defendant bears the burden of proof to establish that the LOC is sufficient security in lieu of a supersedeas bond, and has failed to assure the court that the LOC offered will protect the plaintiff's interest in the judgment during appeal.  Therefore, defendant must, in accordance with the court's September 20, 2005 order, provide plaintiff with security in the form of a supersedeas bond.  However, the court sees no reason not to allow defendant reasonable time to obtain a supersedeas bond.  The court therefore grants defendant fourteen days to comply with this order.

IV. <u>Plaintiff's Motion for Certification and Registration in the District of Massachusetts</u>

A judgment entered by a district court may be enforced by the prevailing party ten days after the judgment is entered. Fed. R. Civ. P. 62(a). "Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." <u>Columbia Pictures Television v. Krypton Broad. of Birmingham</u>, 259 F.3d 1186, 1197 (9th Cir. 2001) (citing 28 U.S.C. § 1963 (2001)). Registration can occur after the judgment has become final or "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963 (2001). As a preliminary matter, a showing of good cause requires that a judgment debtor has failed to post a supersedeas bond. <u>Cheminova A/S v. Griffin, L.L.C.</u>, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). To date, defendant has failed to post a supersedeas bond or to pose an adequate alternative.

Plaintiff must make two additional showings to establish good cause: first, he must demonstrate the appellant's "absence of assets in the judgment forum" and second, he must show "the presence of substantial assets in the registration forum." <u>Columbia Pictures</u>, 259 F.3d at 1197-98 (citing <u>Dyll v. Adams</u>, No. 91-2734D, 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998); <u>Johns v. Rozet</u>, 143 F.R.D. 11 (D.D.C. 1992); <u>Chi. Downs Ass'n, Inc. v. Chase</u>, 944 F.2d 366, 372 (7th Cir. 1991); <u>Graco Children's Prods., Inc. v. Century Prods. Co.</u>, No. 93-6710, 1996 WL 421966, at *36 (E.D. Pa. July 23, 1996); <u>Bingham v. Zolt</u>, 823 F. Supp. 1126, 1136 (S.D.N.Y. 1993), <u>aff'd</u>, 66 F.3d 553 (2d Cir.

1   1995)).

2              In Columbia Pictures, the fact that the defendant did
3   not dispute that he (1) lacked assets in the judgment forum, and
4   (2) owned assets in the forum of registration, was sufficient
5   evidence to show good cause.  259 F. 3d at 1198.  Here, defendant
6   similarly does not dispute that it has no assets in California
7   and does have assets in Massachusetts.  (Def.'s Opp'n Mot.
8   Certification of Judgment at 3.)  Furthermore, plaintiff, as a
9   shareholder of the corporation, attests to the presence of
10  defendant's assets in Massachusetts because defendant's principal
11  place of business is in Massachusetts. (Bolt Decl. ¶¶ 2-3.)
12  Therefore, plaintiff has shown good cause for certification of
13  the court's June 17, 2005 and September 20, 2005 orders and for
14  registration in the District of Massachusetts.

15             IT IS THEREFORE ORDERED that defendant's motion for
16  stay and approval of alternate security pending appeal be, and at
17  the same hereby is, DENIED WITHOUT PREJUDICE to the filing of a
18  supersedeas bond within fourteen days from the date of this
19  order.

20             IT IS FURTHER ORDERED that in the event that defendant
21  posts a supersedeas bond within fourteen days from the date of
22  this order, the judgment of June 17, 2005 will be stayed; but in
23  the event that defendant does not post a supersedeas bond within
24  fourteen days from the date of this order plaintiff's motion for
25  certification of this court's judgment will be GRANTED, and
26  effective fourteen days from the date of this court's judgment
27  ///
28  ///

7

will be certified for registration in the District of Massachusetts.

DATED: November 29, 2005

*[Signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE